UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SERGEI VASENIN,

    Petitioner,

        v.                            CAUSE NO. 3:26-CV-285-CCB-SJF

BRIAN ENGLISH, PAMELA BONDI,
and KRISTI NOEM,

    Respondents.

OPINION AND ORDER

Immigration detainee Sergei Vasenin, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Vasenin is a citizen of Russia who was born in Ukraine. He alleges he arrived at the San Ysidro Port of Entry in October 2022 and requested asylum. The Department of Homeland Security detained him, conducted a credible fear interview, and granted him humanitarian parole. He says he was issued a Notice to Appear and released pending removal proceedings.

Vasenin alleges that on July 10, 2025, an immigration judge denied him asylum and ordered his removal. He appealed the decision to the Board of Immigration

Appeals, and while the appeal was pending, he was arrested by Immigration and Customs Enforcement (ICE) on October 14, 2025. The BIA dismissed his appeal on November 3, 2025.

Vasenin alleges his continued detention is unreasonable because his removal is not reasonably foreseeable. He contends that Ukraine refuses to accept him because it has no documentation recognizing him as a citizen and Russia is effectively non-communicative regarding repatriation, and removals to Russia are severely restricted due to diplomatic conditions. Further, he says that ICE has not produced proof of the issuance of travel documents.

By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). For Vasenin, that removal period began when the BIA dismissed his appeal on November 3, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(1), 8 U.S.C. § 1101(a)(47)(B)(1). Vasenin's 90-day-removal period expired on February 1, 2026.

If a noncitizen cannot be removed within that 90-day removal period, the statute authorizes further detention for three groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). As a noncitizen who came without a valid entry document or visa to enter the United States,

2

Vasenin is considered inadmissible, *see* 8 U.S.C. § 1182(a)(7), and so his continued detention beyond the removal period is authorized.

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute seemingly authorizes indefinite detention if their removal cannot be carried out. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Vasenin is still in the presumptively reasonable six-month period of detention. Although this period is described as "presumptively" reasonable, suggesting he may still be able to rebut the reasonableness of his detention even within that six-month period, the challenges he describes in executing his removal order do not suffice to rebut the reasonableness of his detention at this early stage. The government is allowed time to work toward his removal without court interference, absent exceptional circumstances not present here. Vasenin's detention remains reasonable.

Vasenin additionally alleges that he has not received the 90-day custody review required by regulation. *See* 8 C.F.R. § 241.4(h). To the extent that this amounts to a regulatory violation, it appears to be harmless error. Vasenin's continued detention under § 1231(a)(6) is authorized, and he has not alleged a reason for finding that his removal is not reasonably foreseeable while he is still within the presumptively reasonable 6-month period of detention. It is unclear how he could have gained release in the custody review.

Finally, Vasenin alleges he is not receiving adequate medical care while detained. The court does not have jurisdiction in a habeas petition to hear issues about medical care or other conditions of confinement. The scope of a habeas petition is limited to questions about the fact or duration of confinement, not the conditions therein. *See, e.g., Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."); *see also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114–15, 118 (2020) (Asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody. . . . Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ."); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not 'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to

4

that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117). This claim will be dismissed without prejudice to being brought in the proper form.

For these reasons, the court **DISMISSES WITHOUT PREJUDICE** the claim regarding medical care, **DENIES** the petition (ECF 1), and **DIRECTS** the clerk to close this case.

SO ORDERED on April 20, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5